**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

|  |  |
|---|---|
| ANTHONY ALEXANDER, MD, THE PAIN MEDICINE & REHABILITATION CENTER, PROFESSIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> CVS PHARMACY, INC., <br><br> Defendant. | ) **CASE NO. 4:23-cv-00085-SEB-KMB** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> / |

**BRIEF IN SUPPORT OF DEFENDANT CVS PHARMACY, INC.'S**
**MOTION TO DISMISS**

Without any explanation for the delay, Plaintiffs Anthony Alexander, MD ("Alexander") and The Pain Medicine & Rehabilitation Center Professional Corp. ("Pain Center") waited ***8 years*** after CVS Pharmacy, Inc. ("CVS") made the corporate decision not to fill prescriptions for controlled substances written by Alexander before filing this case to challenge CVS's decision. That delay, and other infirmities, dooms Plaintiffs' Complaint and requires its dismissal.

First, Indiana's two-year statute of limitations bars Plaintiffs' lone substantive cause of action for tortious interference with a business relationship. Ind. Code Ann. § 34-11-2-4; *Remy, Inc. v. Tecnomatic, S.p.A.,* No. 11-0991, 2012 WL 1303263, at *8-9 (S.D. Ind. Mar. 29, 2012).

Second, Plaintiffs have not pled any facts plausibly showing that CVS acted without justification when it decided not to fill Alexander's prescriptions for controlled substances, nor any facts suggesting CVS acted with the intent to harm Plaintiffs. *See Miller v. Cent. Ind. Cmty. Found., Inc.*, 11 N.E.3d 944, 961 (Ind. Ct. App. 2014) (tortious interference claims fail where no evidence defendant acted "without a legitimate business purpose"); *see also Pac. Bell Tel. Co. v.*

*LinkLine Comms., Inc.*, 555 U.S. 438, 448 (2009) (noting the "general rule" that "businesses are free to choose the parties with whom they will deal, as well as the prices, terms, and conditions of that dealing"). Instead, CVS decided not to fill controlled substance prescriptions written by Alexander as part of a corporate monitoring program it implemented in 2012 to reduce the potential misuse of controlled substances by monitoring potentially irregular prescribing by physicians and other prescribers. *See* Mitch Betses R. Ph. And Troyen Brennan M.D., M.P.H., *Abusive Prescribing of Controlled Substances—A Pharmacy View* (New England Journal of Medicine, Sept. 12, 2013), *available at* https://www.nejm.org/doi/10.1056/NEJMp1308222 (outlining program's initial operations).

Plaintiffs' remaining claim, for injunctive relief, is not a separate cause of action and must be dismissed with his substantive claim. *See, e.g., Knutson v. Vill. of Lakemoor*, 932 F.3d 572, 576 n.4 (7th Cir. 2019).

For all of these reasons, and the reasons stated below, the Court should dismiss Plaintiffs' Complaint with prejudice.

<u>**RELEVANT FACTUAL ALLEGATIONS**</u>

Alexander has owned and operated The Pain Center since 2001. Compl., ¶ 21. The Pain Center has two locations; the first opened in Seymour (IN) in 2001, and the second opened in Jeffersonville (IN) in 2009. *Id.* In December 2014, the Indiana Attorney General commenced a search of the Pain Center related to an investigation it was conducting for inappropriate controlled substance prescribing and improper medical billing. *Id.* at ¶ 23. In a press release describing the search warrants, the Indiana Attorney General's office stated, among other things, that "[t]he warrant application notes eight drug overdose deaths of patients who received controlled substance prescriptions from either Alexander or one of his nurse practitioners between 2008 and 2013." *See*

"Search Warrants Served At Jeffersonville Pain Clinic," Dec. 11, 2014, News and Tribune, *available at* https://www.newsandtribune.com/news/search-warrants-served-at-jeffersonville-pain-clinic/article_4ac57272-818f-11e4-b17d-5381157a0319.html (last visited June 8, 2023).[1]

CVS regularly reviews the prescribing patterns and practices of prescribers of controlled substances (the "Prescriber Review Process"). Compl., ¶ 21. The Prescriber Review Process employs algorithms, or other means, to review data on CVS's retail dispensing for potential prescribers of concern. *Id.* Once CVS identifies a prescriber for further investigation, it reviews pertinent and available data or information pertaining to the prescriber, which may include interviews or other information gathered in the discretion of the employees operating the Prescriber Review Process. Betses & Brennan, *supra*. If, after the Prescriber Review Process, those making the decision have not resolved the circumstances that caused CVS to investigate the prescriber, then the prescriber is blocked from having controlled substance prescriptions filled at CVS's pharmacies. *Id.* CVS implemented that program long ago, *id.*, and it is now contemplated by the Injunctive Relief provisions of the "Global" opioid settlements pending between the nation's largest pharmacy chains and State Attorneys General and political subdivisions. *See* https://nationalopioidsettlements.com/pharmacy-settlements/ (last visited June 8, 2023). The Indiana Attorney General has lauded that settlement and the injunctive relief that contains the provisions related to prescriber monitoring and suspension programs. *See* "Attorney General Todd Rokita Announces $219 million for Indiana In Tentative National Settlements With CVS And Walgreens,"                 Dec.                 12,                 2022,                 *available                 at*

---

[1] On a motion to dismiss brought pursuant to Rule 12(b)(6), the Court may take judicial notice of government press releases and news articles. *Sidney Hillman Health Center of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 929 (7th Cir. 2015); *U.S. ex rel. Conroy v. Select Med. Corp.*, 211 F. Supp.3d 1132, 1143 n.5 (S.D. Ind. 2016).

https://events.in.gov/event/attorney_general_todd_rokita_announces_219_million_for_indiana_in_tentative_national_settlements_with_cvs_and_walgreens?utm_campaign=widget&utm_medium=widget&utm_source=State+of+Indiana (last visited June 8, 2023).

Pursuant to the CVS Prescriber Review Process, on February 13, 2015, CVS sent a letter to Alexander asking to interview him to discuss its concerns with his prescribing patterns. Compl., ¶ 29; *see also* Ex. A.[2] Alexander ultimately did not participate in any call with CVS. Compl., ¶ 29. CVS subsequently sent a letter to Alexander on April 9, 2015, informing him that CVS would no longer fill his prescriptions for controlled substances, effective April 16, 2015. *Id.*, ¶ 30; Ex. B.

## ARGUMENT

Rule 8(a)(2) requires Plaintiffs to set forth in their Complaint "a short and plain statement of the claim showing that [they are] entitled to relief." Fed R. Civ. P. 8(a)(2). This standard requires Plaintiffs to plead "enough facts to state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), as "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see also Wakley v. Sustainable Loc. Foods LLC*, No. 1:16-CV-0884-WTL-DKL, 2017 WL 1880814, at *4 (S.D. Ind. May 9, 2017) (noting that "conclusory statements are not enough to withstand a motion to dismiss"). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Rather, the factual allegations in the complaint must be sufficient "to raise a right to relief above the speculative level" such that

---

[2] Plaintiffs' Complaint references CVS's correspondence with Plaintiffs regarding its corporate decision not to fill prescriptions for controlled substance written by Alexander. Accordingly, the Court can consider these documents in ruling on CVS's motion to dismiss. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (on motion to dismiss, court may consider "documents that are central to the complaint and are referred to in it").

4

the claim is "plausible on its face." *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**I.      The Two-Year Statute of Limitations Bars Plaintiffs' Complaint.**

Plaintiff asserts a single substantive claim against CVS, for tortious interference with business relationship. Compl. ¶¶41-50. Indiana's Code of Civil Procedure provides that claims for tortious interference must commence within two years after the cause of action accrues. Ind. Code Ann. § 34-11-2-4; *see also Remy, Inc. v. Tecnomatic, S.p.A.,* No. 1:11-CV-00991-SEB-MJD, 2012 WL 13032963, at *8-9 (statute of limitations precluded tortious interference claim). Plaintiffs allege CVS committed this tort when it made a corporate decision not to fill prescriptions Alexander writes for controlled substances. Compl., ¶¶ 43, 49. That decision occurred in 2015. *Id.*, ¶ 26. Thus, the Code's two-year statute of limitations bars Plaintiffs' tortious interference claim.

Moreover, Plaintiffs' Complaint does not contain **any** allegations of **any** conduct that occurred within the two-year limitations period. The latest conduct, of any kind, referenced in the Complaint allegedly occurred in January 2020, when Alexander provided a copy of a letter from the Indiana Attorney General to CVS. Compl., ¶ 34. Even if Plaintiffs argued their claim somehow accrued by sending this letter in January 2020 (and there is **no** basis to deem the claim as having accrued at that time, since CVS took no action in response as Plaintiff admits, *see id.*), Plaintiffs filed their Complaint on May 16, 2023, outside of the two-year limitations period. Accordingly, Plaintiffs' claim is barred by Ind. Code Ann. § 34-11-2-4 two-year statute of limitations and must be dismissed for that reason.[3]

**II.      Plaintiff's Tortious Interference Claim Fails As A Matter Of Law.**

Even if Plaintiffs could escape the reach of the statute of limitations, they still cannot

---

[3] Plaintiffs' Complaint does not allege any basis to toll the two-year statute of limitations.

prevail against CVS. Under Indiana law, a claim for tortious interference with a business relationship requires Plaintiffs to plead facts plausibly showing each of the following elements: (1) the existence of a valid relationship, (2) the defendant's knowledge of the existence of the relationship, (3) the defendant's intentional interference with that relationship; (4) the absence of justification, and (5) damages resulting from the defendant's wrongful interference with the relationship. *Miller v. Cent. Ind. Cmty. Found., Inc.*, 11 N.E.3d 944, 961 (Ind. Ct. App. 2014). Additionally, Plaintiffs must allege "some independent illegal action" by the defendant. *Brazauskas v. Fort Wayne-South Bend Diocese, Inc.*, 796 N.E.2d 286, 291 (Ind. 2003); *Valle v. Andrew J. Thompson & Thompson Law Office*, 184 N.E.3d 622 (Ind. Ct. App. 2022). Plaintiffs' Complaint does not allege facts sufficient to satisfy these elements.

First, Plaintiffs have not alleged facts showing CVS "acted intentionally" through conduct "directed to the injury and damage of another." *Miller*, 11 N.E.3d at 961. To meet that test, Plaintiffs must allege facts plausibly showing that CVS either "specifically intended that result" or that, although CVS did not "act for the purpose of interfering" with the relationship, CVS knew "that the interference is certain or substantially certain to occur as a result of its action." *Drake v. Dickey,* 2 N.E.3d 30, 39 (Ind. Ct. App. 2013).

Plaintiffs do not allege any facts supporting a finding that CVS acted intentionally to interfere in Alexander's relationships with his patients or other physicians. All Plaintiffs offer is the conclusory allegation that "CVS intentionally enacted a policy designed to directly interfere with a fundamental aspect of Alexander's business relationships with his patients and other physicians, and his ability to prescribe medically necessary controlled substances to his patients." Compl., ¶ 48. Not only is this conclusory allegation insufficient to support injunctive relief, *Students v. United States Dep't of Educ.*, No. 16-4945, 2016 WL 6134121, at *37 (N.D. Ill. Oct.

18, 2016), but the facts pled elsewhere in his Complaint reflect that CVS's decision not to fill Alexander's controlled substance prescriptions arose from a program that CVS has administered since 2012 aimed at reducing the potential misuse of controlled substances by monitoring potentially inappropriate prescribing by physicians and other prescribers. *See* Compl., ¶¶ 25-26; *see also* Betses & Brennan, *supra*.

Similarly, Plaintiffs have not pled facts sufficient to support a finding that CVS acted "in the absence of justification." To satisfy this element, Plaintiff must plead that CVS acted "for an improper purpose" rather than "a legitimate business purpose." *Am. Consulting, Inc. v. Hannum Wagle & Cline Eng'g, Inc.*, 136 N.E.3d 208, 215 (Ind. 2019). As explained above, Plaintiffs' allegations reflect that CVS acted pursuant to a company policy that has a broader application beyond Alexander and the Pain Center. Compl., ¶¶ 25-26. Plaintiffs assert CVS's decision interferes with Alexander's "ability to prescribe medically necessary controlled substances to his patients," Compl., ¶ 48. CVS has done no such thing. Alexander is free to exercise his professional judgment to prescribe medication for his patients for legitimate medical purposes that may be obtained at other pharmacies; CVS, likewise, is free to choose not to do business with Plaintiff. *Pac. Bell Tel. Co..*, 555 U.S. at 448; *see also United States v. Colgate & Co.*, 250 U.S. 300, 307 (1919) (noting the "long recognized right of trader or manufacturer" to "exercise his own independent discretion as to parties with whom he will deal"). Indeed, federal courts have recognized CVS's ability to operate its corporate monitoring program, and Plaintiffs cannot prevail on their tortious interference claim where, as here, CVS acted with a legitimate business purpose. *See Church Ekklasia Sozo, Inc. v. CVS Health Corp.*, No. 20-0382, 2021 U.S. Dist. LEXIS 183850, at *36 (W.D.N.C. Sept. 27, 2021) (dismissing tortious interference claim where plaintiff could not demonstrate "the absence of justification for CVS's alleged actions").

Finally, for these same reasons, Plaintiffs have not adequately alleged that CVS engaged in an "independently illegal act" in deciding not to fill Alexander's prescriptions for controlled substances. *Brazauskas*, 796 N.E.2d at 291. Plaintiffs' Complaint is bereft of any allegation that CVS engaged in any such illegal action. Indeed, the Indiana Attorney General has commended the terms of a national settlement that would require national chain pharmacies to maintain programs like the Prescriber Review Process. *See* Attorney General Todd Rokita Announces $219 Million For Indiana In Tentative National Settlements With CVS And Walgreens, *available at* https://events.in.gov/event/attorney_general_todd_rokita_announces_219_million_for_indiana_i n_tentative_national_settlements_with_cvs_and_walgreens?utm_campaign=widget&utm_mediu m=widget&utm_source=State+of+Indiana (last accessed June 8, 2023).

Thus, Plaintiffs have failed to state a cause of action for tortious interference with business relationship claim.

## III.    The Injunctive Count Cannot Survive Independently.

Plaintiffs' Complaint also includes a separate Count for Injunctive Relief (Count II). *See* Compl. ¶¶ 51-60. Injunctive relief is a form of relief and not a separate cause of action. *See, e.g., Knutson v. Vill. of Lakemoor*, 932 F.3d 572, 576 n.4 (7th Cir. 2019) ("injunctive relief [is] a remedy, not a cause of action, and thus should not be pleaded as a separate count"). Because Plaintiffs' substantive claims should be dismissed for the reasons discussed above, the Court should dismiss Count II with prejudice.

## CONCLUSION

For the reasons stated above, CVS respectfully requests that the Court enter an Order dismissing Plaintiffs' Complaint with prejudice, and granting Defendant such further relief the

Court deems just and appropriate.

Respectfully submitted,

/s/Jonathan W.Garlough
Jonathan W. Garlough

Jonathan W. Garlough IN Bar No. 30329-45
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
*312.832.4500*

*Attorney for CVS Pharmacy, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2023, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Jonathan W. Garlough
Jonathan W. Garlough